UNITED STATES DISTRICT COURT
FILED
SEP 18 2017
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

United States District Court
Western District of NY

Sara Kielly #12B3915 [Plaintiff];

v.

Denise A. Lunduski - (Corrections officer) - [official / individual capacity],
C.M. Roberts - (Corrections officer) - [official / individual capacities],
Anthony J. Annucci - (Commissioner) - [official capacity only]
[Defendants].

# COMPLaINT

Filing No. 17 CV 6653 DGL

* Jury Trial Demanded *

A.) JURISDICTION: This is a civil action seeking relief and/or damages to defend and protect the rights garunteed by the Constitution of the U.S. This action is brought pursuant to 42 USC §1983. This Court has Jurisdiction over this action pursuant to 28 USC §§ 1331, 1343(3) and (4), and 2201.

B.) PARTIES:

1. Plaintiff:
I. Name / DIN: Sara Kielly[1] - #12B3915,
II. Confinement address: Five Points Correc. Facil. 6600 State Rt. 96 - Box 119 Romulus, NY 14541,
III. Was confined at above address at all relevant times.

2. Defendants:
I. Name: Denise A. Lunduski,
II. Position: Corrections Officer,
III. address: NYSDOCCS - Five Points Correc. Facil. 6600 State Rt. 96 - Box 119 Romulus, NY 14541,
IV. Was employed at above address at all relevant times. Sued in official and individual capacities.

SUB NOTE

1. Plaintiff, Sara Kielly, at relevant times was known as "Alan Outman"; and subsequantly had name legally changed to "Sara Kielly" in Seneca County Court due to being transgender. Thus, throughout she will be referred to with female pronouns, and by her current legal name.

V. Name: C.M. Roberts,
VI. Position: Corrections Officer,
VII. Address: NYSDOCCS - Five Points Correc. Facil.,
6600 State Rt. 96 - Box 119
Romulus, NY 14541,
VIII. Was employed at above address at all relevant times. Sued in official and individual capacity.

IX. Name: Anthony J. Annucci,
X. Position: Acting Commissioner,
XI. Address: NYSDOCCS - Albany Central Office
Harriman State Office Campus
Building # 2
1220 Washington Avenue
Albany, NY 12224,
XII. Was employed at above address at all relevant times. Sued in official capacity only.

---

C.) OTHER LAWSUITS:

1. Plaintiff has not filed or commenced any other actions in this or any other court dealing with the relevant facts or claims raised herein.

2. Plaintiff filed one unrelated lawsuit relating to her prison **confinement / conditions**:
I. Filed: Approx. April 2014,
II. Caption: Alan Outman v. Joann Waldron, et al.,
III. District: NDNY, IV. District Judge: Mae D'Agostino;
V. Pending?: NO VI. Completed: August 2016
VII. Disposition: Judgement after trial for defendant
VIII. Appeal?: None taken.

---

D.) FIRST CLAIM: On June 3, 2017 defendants Lunduski, Roberts, and Annucci "FAILED TO PROTECT" plaintiff by allowing plaintiff to comingle with a known violent inmate, "B. Perez", whom was known to defendants Lunduski and Roberts to have made threats and gestures of harm towards plaintiff on numerous occasions. Defendant Lunduski knowing Perez

was hiding in the open shower cell, opened plaintiff's cell and summoned her to the front of the gallery, forcing plaintiff to pass the open shower cell. Due to Lunduski's deliberate indifference to plaintiff's safety, or intentional set up for plaintiff to be assaulted, plaintiff was severely assaulted by Perez when Perez came out of the shower cell, attacking plaintiff from behind. Officer Lunduski stood in the "security bubble" window watching and laughing as Perez punched, threw to ground, and stomped plaintiff in the head, neck, body, and legs. Plaintiff, no match to Perez's strength, could only curl up and wait for help. Defendant Roberts who responded at a leisurely walking pace to the gallery where plaintiff was being actively assaulted did NOT immediately stop the assault, but rather stood and watched it for an extended period of time. Plaintiff was called a continual diatribe of epithets relating to her gender identity, sexuality, and transgender status and characteristics by Perez as he assaulted plaintiff. Perez made further threats of sexual assault, and death at plaintiff during assault. Defendant Annucci knowing the vulnerability of transgender inmates, and the special safety needs in a prison environment "FAILED TO PROTECT" plaintiff by creating and enforcing a housing policy that prevented, intentionally, plaintiff from being housed away from male violent inmates. Annucci also allowed the Five Points Corrections Facility Intermediate Care Program (ICP) to operate as the only building in the prison without recording audio-video devices, even though the ICP housed violent mentally ill inmates and transgender and L.G.B. inmates such as plaintiff. Annucci knew the risk and danger of such operating without audio-video monitoring to act as a deterrent to officers and inmates targeting/abusing plaintiff. Plaintiff suffered significant physical and emotional injury due to these "FAILURES TO PROTECT", to include: significant bleeding from nose and mouth, bruising and swelling of face/nose/lips/right eye/inside of mouth/left hand/right hand/hips, chipped teeth, uncontrollable crying fits, depression, loss of appetite, anxiety, extreme fear, tremors, fast painful heartbeat, palpatation, severe headaches, nasua, vomiting,

and severe emotional distress that caused a worsening of plaintiff's Gender Dysphoria, in part due to gender identity/sexuality slurs made during assault by Perez, that caused plaintiff to mutilate her genitals three times between July 3, 2017 and July 23, 2017, leading to permanent damage and disfigurement due to an unsuccessful castration attempt. Plaintiff was hospitalized in Syracuse University Upstate Hospital for two weeks under extensive treatment and infection control, suffering excruitingly severe pain, bleeding, emotional distress, and hopelessness.

* The constitutional basis for this claim under 42 USC §1983 is: 8th ammendment - US Constitution - CRUEL AND UNUSUAL PUNISHMENT "FAILURE TO PROTECT"

** The RELIEF I am seeking for this claim is:

1. Compensatory Damages - Monetary
2. Punitive Damages - Monetary
3. Declaritory Relief that constitutional Rights were violated
4. Injunctive Relief for plaintiff to be housed only in areas monitored by audio/video devices, and to be housed seperate from violent male inmates, or in permanent protective custody.

1.) Exhaustion of admin. Remedies

I.] I did grieve this claim: The grievance was never decided in a timely manner per DOCCS Directive #4040.

II.] I did file a written request to appeal to CORC and the Facility Superintendent but never recieved a reply, acknowledgement, or decision.

III.] This claim, and the facts/violations involved a sufficiently serious enough to warrent designation as an emergency circumstance, that warrents allowing this claim to proceed without complete exhaustion, expecially since plaintiff is still housed in the same facility as where the claim occured, and made a diligent effort to exhaust her remedies. In any case, plaintiff maintains she has exhausted her remedies as per NYSDOCCS policies.

E.) SECOND CLAIM: On June 3, 2017 Defendant Roberts responded at a leisurely pace to an assault on plaintiff by inmate "B. Perez". After allowing the assault to continue for an extended time Roberts finally verbally told Perez "OK, that's enough, I think he's got the point". Roberts then allowed Perez to flee back to his cell as Roberts focused solely on plaintiff who was curled on the floor bleeding, crying, and in pain. Roberts at that point used excessive and wontan force against plaintiff without cause, justification, or authority. Roberts also made numerous threats and transgender and homosexual slurs towards plaintiff while using the excessive wontan force. Roberts picked plaintiff, the victim of the assault, up off the floor by the back of the sweater and slammed plaintiff face first into the gallery wall made of cement/cinder blocks. When plaintiff cried out in pain and fear Roberts told her to "shut the fuck up", and then said "You faggots just never learn, you get what you get". Roberts then made numerous sexually harassing slurs and threats at plaintiff regarding her body, and physically feminine appearance, as he intentionally excessively torqued plaintiff's hands and arms behind her back to handcuff her, even though she was the victim and Not aggressive or resisting. Roberts then on the way to the infirmary intentionally, sadistically, and wantonly slammed **plaintiff's face and body into the elevator wall and the** infirmary clinic metal gate, causing further pain, fear, bleeding, bruising, swelling, headache, and emotional distress. Roberts then PRIOR to plaintiff being photographed for injury photos forced plaintiff to wash the blood from her face which was thick and significant prior to the sergeant's arrival. Roberts also forced plaintiff to remove her bloody sweater prior to injury photos. Roberts intentionally altered injury evidence to reduce the severity of the injury photos, and the visable amount of blood in such. Roberts knowingly, intentionally, sadistically, and wontanly assaulted plaintiff both physically and emotionally/verbally via EXCESSIVE FORCE. Had Defendant Annucci ensured that Roberts was properly trained with PREA and LGBT sensativity

training, and that the ICP Unit at Five Points, and Infirmary where this claim occured was properly equipped with audio/video monitoring as the rest of the facility is, Defendant Roberts with reasonable probability would not have assaulted plaintiff or used excessive force as he would have known it would be on video/audio for evidence. Roberts' and Annucci's actions and conduct was excessive, wanton, sadistic, and shocking to the conscience of modern day society's soul.

* The constitutional basis for this claim under 42 USC §1983 is: 8th ammendment - US Constitution - CRUEL AND UNUSUAL PUNISHMENT "EXCESSIVE FORCE"

** The RELIEF I am seeking for this claim is:

1. Compensatory Damages - Monetary,
2. Punitive Damages - Monetary,
3. Declaratory Relief that constitutional Rights were violated,
4. Injunctive Relief for plaintiff to be housed only in areas monitered by audio/video devices, and to be housed seperate from violent male inmates, or in permanent protective custody.

1.) <u>Exhaustion of State Remedies:</u>

I.] I <u>did</u> grieve this claim: The grievance was never decided in a timely manner per DOCCS Directive #4040.

II.] I <u>did</u> file a written appeal request to the CORC and the Facility Superintendant, but never recieved a reply, acknowledgement, or decision.

III.] This claim, and the facts/violations involved a sufficiently serious enough to warrent designation as an emergency circumstance, that warrents allowing this claim to proceed without complete exhaustion, expecially since the plaintiff is still housed in the same facility as where the claim occured, and made a diligent effort to exhaust here remedies. In any case, plaintiff maintains she has exhausted her Remedies as per NYSDOCCS policies.

F.) RELIEF SOUGHT:

1.) Declaratory Relief stating that plaintiff's rights under the United States Constitution were violated, against all defendants;

2.) Compensatory Damages of: $4,500.00 against Defendants Lunduski and Roberts;

3.) Punitive Damages to be determined by the Court, against Defendants Lunduski and Roberts;

4.) Injunctive Relief:

a.) That plaintiff be housed at all future times in a facility and area that is monitored by an audio-video system for purposes of her physical, sexual, and emotional safety;

b.) That plaintiff be housed seperately from violent male inmates for purposes of her physical, sexual, and emotional safety due to her increased vulnerability, and safety/security issues due to her transgender and sexual identity, or if not pheasable, in permanent protective custody status until such time as seperate housing can be achieved.

G.) JURY REQUEST?:

Plaintiff DOES demand a JURY trial in this action under 42 USC § 1983.

Executed On: September 12th, 2017

NOTARY

Signed and sworn to before me this the 12 day of September, 2017.

[signature]

STAMP

NICHOLAS R SUED
Notary Public, State of New York
No. 01SU6292956
Qualified In Wayne County
Commission Expires Nov 12, 2017

[signature]

Sara G. Kielly
#12B3915
PRO SE - PLAINTIFF

SEP 18 2017 ROCHESTER

**I. (a) PLAINTIFFS**
Sara Kielly #12B3915

**DEFENDANTS**
Denise A. Lundski, C.M. Roberts, Anthony J. Annucci.

(b) County of Residence of First Listed Plaintiff: Seneca County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Seneca County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO Se
Sara Kielly #12B3915
FivePoints C.F.
6600 State Rt. 96 - Box 119
Romulus, NY 14541

Attorneys *(If Known)*
Office of the Attorney General
Rochester Regional Office
144 Exchange Blvd.
Rochester, NY 14614

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

17 CV 6653 DGL

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC Section 1983

Brief description of cause: 8th Ammendment Cruel/Unusal: Failure to Protect / Excessive Force

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 4,500.00 Declaratory/Injunctive Relief, Punitive Damages

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE N/A DOCKET NUMBER N/A

DATE 9-12-2017

SIGNATURE OF ATTORNEY OF RECORD [PRO SE] Sara Kielly

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

US Dist. Court
Western Div. of NY
Rochester Division
Office of the Clerk
2120 United States Courthouse
100 State Street, Rochester, NY 14614-1387

Re: "Kielly v. Lunduski, et al." 42 USC §1983 Filing

September 12, 2017

Hon. Court Clerk,

Enclosed please duly find the necessary documents to commence the above captioned civil rights - prisoner lawsuit. I have enclosed with the "Cover Sheet" and "Complaint" applications for In forma Pauperis, and appointment of Counsel. I have duly notarized / verified all necessary documents, and provide exhibits where necessary.

Please file this action, and assign a filing number with assignment of a judge and magistrate, at your earliest convenience.

Should you require any thing further please do not hesitate to contact me at the below address. Thank you.

Respectfully:

[signature]

Sara Kielly #12B3915
Five Pts. C.F.
6600 State Rt. 96 - Box 119
Romulus, NY 14541

xc: File - (SK)

enc: Cover Sheet,
Complaint,
In Forma Pauperis app.,
Appointment of Counsel app.