UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARA KIELLY,

                Plaintiff,                      **DECLARATION**
                                                                                         17-CV-6653

  -vs-

LUNDUSKI, et al.,
                Defendants.
_____

**GARY M. LEVINE**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am an Assistant Attorney General, of counsel to Eric T. Schneiderman, Attorney General of the State of New York and, in that capacity, represent the defendants in the above-captioned proceeding.

2. I make this declaration in support of defendants' motion for for discovery of plaintiff's medical and mental health records January 1, 2015 to December 31, 2016.

3. By letter dated February 7, 2018, I requested that plaintiff agree to extend the time period to obtain medical and mental health records back to January 1, 2015. Attached as **Exhibit A** is a copy of the correspondence to plaintiff.

4. Plaintiff declined to sign the authorization. Attached as **Exhibit B** is a copy of the correspondence from plaintiff.

5. Plaintiff claims he attempted castration as a result of the incident which is the subject of the lawsuit. The mental health records reveal previous

numerous self harm incidents by plaintiff including an attempt at castration on "10/15." Attached as **Exhibit C** is a copy of the New York State Office of Mental Health's Core History, dated April 20, 2017, for plaintiff that references these incidents.

6. The mental health records also reveal statements that plaintiff has a "disgust" for her genitals and has had the urge to harm herself since she was six years old. Attached as **Exhibit D** is a copy of the psychological report that contains these statements.

7. The prior self-harm, particularly the castration incident, is relevant to the issue of damages. The defendants would be entitled to show the jury that the attempted self-harm was not caused by the incident but rather was consistent with the mental problems that existed before the incident.

8. Accordingly, for the reasons discussed in the memorandum of law, defendants request that we be allowed to obtain the medical and mental health records from January 1, 2015 to the end of December, 2016.

Dated: March 27, 2018

                                                    s/Gary M. Levine
                                                    GARY M. LEVINE

# CERTIFICATE OF SERVICE BY MAIL

I certify that on March 27, 2018, I electronically filed the foregoing Levine Declaration on behalf of defendants with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. n/a

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1. Sara Kielly, a/k/a Alan Outman, 12-B-3915
   Five Points Correctional Facility
   Caller Box 119
   Romulus, New York 14541

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants

s/Gary M. Levine
GARY M. LEVINE
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
gary.levine@ag.ny.gov

# EXHIBIT A



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN  
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES  
ROCHESTER REGIONAL OFFICE

February 7, 2018

Sara Kielly, 12-B-3915  
Five Points Correctional Facility  
State Route 96, Caller Box 119  
Romulus, New York 14541

Sara Kielly, 12-B-3915, C# 555798  
Central New York Psychiatric Center  
9005 Old River Road  
Marcy, New York 13403

Re: Sara Kielly, 12-B-3915 v. Denise Lunduski, et al.
17-CV-6653

Dear Ms. Kielly:

I am in receipt of your mental health records as limited by the time period. I believe we need to obtain your medical and mental health records back to January 1, 2015. Your records indicate extensive self-harm history including a "10/15" attempt to castrate yourself (this may be from 2015 – see the April 20, 2017 note). The prior attempts at castration are particularly relevant in light of your claim that the June 3, 2017 incident caused you to attempt to castrate yourself.

Enclosed please find an authorization to get your mental health and medical records. If acceptable, please sign, date notarize and return to me. If not acceptable, please advise so I may bring this to the Court's attention.

Very truly yours,

GARY M. LEVINE  
Assistant Attorney General

GML:ld  
Enclosures

cc: Clerk

# EXHIBIT B

State of New York  
Office of Attorney General  
Rochester Regional Office  
Gary M. Levine, esq.  
144 Exchange Blvd. - Suite 200  
Rochester, NY 14614

Sara Kielly  
#12B3915  
Five Points C.F.  
St. Rt. 96 - Box 119  
Romulus, NY 14541

Re: "Kielly v. Lunduski, et al."  
17-cv-6653

Legal - Confidential

Dear Counselor Levine,                    February 20, 2018

    I am in Reciept of your letters regarding the scheduled deposition, and copies of medical/mental health records. Your letter noticing the deposition indicated that my medical records should have been enclosed, yet no enclosures of medical records were present. Please Remail me a copy of my medical records at your earliest convenience.

    Further, I've reviewed the mental health records you disclosed on Feb. 7, 2018, and considered your request for further records dating back to Jan. 1, 2015, for both medical and mental health. I also reviewed the "attempted castration" note for "10/15") that you indicate as your reasoning for further records. My position does not change due to your reasoning, as the records you indicate clearly delineates a significant difference between the two incidents. The "10/15" alleged attempt involved a "hair tie" around the testes, and was unsuccessful, while the June and July 2017 events involved in this action was severely more significant in that I used a

RECEIVED FEB 26 2018 NYS OFFICE OF THE ATTORNEY GENERAL ROCHESTER REGIONAL OFFICE

razor blade to cut the scrotal sack open, and remove the left teste from the scrotum. June 5, July 2017 events required hospitalization for extensive infection control and treatment. These events are wholy different and unrelated, and the information provided in the currently released documents duly offer you and opportunity to address such in any cross-examination. Therefore and ~~thus~~ thus, your request for records dating further back than already authorized in the Pre-trial Scheduling Hearing is duly, and respectfully denied. Should you desire such a motion upon the court will be required, as I can not allow what is amounting to a "fishing expidition."

My hope is you will understand, and respect my desire for privacy in my unrelated mental health records, and medical records.

Please do not hesitate to contact me in the future if you have further requests. Also, could you please send me a list of our scheduled pre-trial deadline dates?

I further advise you that I may have an attorney present at my deposition. Thank you.

Sincerely,

xc: File (SLK)

[signature]

2-20-18

Sara Kielly - #1283715

**FIVE POINTS CORRECTIONAL FACILITY**
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK 14541

NAME: Sara Kelly   DIN: 12B3915   LOC: 12-B-68-4-B

RECEIVED
FEB 2 6 2018
NYS OFFICE OF THE ATTORNEY GENERAL
ROCHESTER REGIONAL OFFICE

State of NY
Office of the Attorney General
Rochester Regional Office
Gary M. Levine, esq.
144 Exchange Blvd. - Suite 200
Rochester NY 14614

Legal Mail - Confidential

**NEW YORK STATE**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**OFFENDER CORRESPONDENCE PROGRAM**

NAME: Sara Bielly  DIN: 02B3915

02/20/2048

Legal Mail  *confidential

Legal Mail - Confidential

# EXHIBIT C

A copy of New York State Office of Mental Health's Core History, dated April 20, 2017 being filed under seal

# EXHIBIT D
Psychological Report being filed under seal